NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

GERALD C. MANN
ATTORNEY GENERAL

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5082
Re: Whether or not a creamery or dairy which sells, at wholesale, milk and dairy products at its plant or establishment is subject to the Chain Store Tax Law, Article 1111d - V. A. P. C.

We received your letter of December 22, 1942 relating to the above subject. Said letter is self-explanatory and reads as follows:

"A creamery or dairy sells milk and dairy products at its plant or establishment at wholesale.

"Is such creamery or dairy subject to the chain store tax levied under Article 1111d P. C.?"

Section 5 of Article 1111d, V. A. P. C., as amended by H. B. No. 8, Acts 47th Leg., R. S. Ch. 184, P. 269 (at P. 336), reads as follows:

"Every person, agent, receiver, trustee, firm, corporation, association, or copartnership opening, establishing, operating, or maintaining one or more stores or mercantile establishments within this State, under the same general management or ownership, shall pay the license fees hereinafter prescribed for the privilege of opening, establishing, operating, or maintaining such stores or mercantile establishments. The license fee herein prescribed

858

Honorable George H. Sheppard, Page 2.

shall be paid annually and shall be in addition to the filing fee prescribed in Sections 2 and 4 of this Act. Provided that the terms, 'store, stores, mercantile establishment or mercantile establishments' wherever used in this Act shall not include: (1) wholesale and/or retail lumber and building material businesses engaged exclusively in the sale of lumber and building material; (2) and/or oil and gas well supplies and equipment dealers; (3) and any place of business commonly known as a gasoline filling station, service station, or gasoline bulk station or plant, provided as much as seventy-five (75) per cent of the gross proceeds of the business done thereat is derived from the selling, storing, or distributing of petroleum products; (4) or any business now paying an occupation tax measured by gross receipts; (5) or any place or places of business used as bona fide wholesale or retail distributing points by manufacturing concerns for distribution of products of their own manufacture only; (6) or any place or places of business used by bona fide processors of dairy products for the exclusive sale at retail of such products; (7) or any place or places of business commonly known as Religious Book Stores, operated for the purposes of selling Religious Publications of any nature, including Bibles, Song Books, Books upon Religious Subjects, Church Offering Envelopes, Church, Sunday School and Training Union Supplies." (Numbering ours.)

Section 7 of Article 1111d, supra, reads as follows:

"The term 'store' as used in this Act shall be construed to mean and include any store or stores or any mercantile establishment or establishments not specifically exempted within this Act which are owned, operated, maintained, or controlled by the same person, agent, receiver, trustee, firm, corporation, copartnership or association, either domestic or foreign, in which goods, wares or merchandise of any kind are sold, at retail or wholesale."

It is obvious that a creamery or dairy which sells, at wholesale, milk and dairy products at its plant or establish-

ment is a store within the meaning of Section 7 of Art. 1111d, supra. Hurt v. Cooper, 110 S. W. (2d) 896. It having been determined that the creamery or dairy in question is a store within the meaning of Section 7, Art. 1111d, supra, said creamery or dairy is subject to the Chain Store Tax Law (Art. 1111d as amended, supra) unless exempted by Section 5 thereof. It is obvious that exemption Nos. 1, 2, 3 and 7 are not applicable to the question involved here. By reason of the construction given to exemption Nos. 4 and 5 by the Commission of Appeals of Texas in the case of Hurt v. Cooper, 110 S. W. (2d) 896 (at Pages 904-05), it appears that these exemptions (4 and 5) are not applicable to your question.

The sixth exemption provides in effect that the term "store," etc., as used in Art. 1111d, supra, shall not include "any place or places of business used by bona fide processors of dairy products for the exclusive sale at retail of such products, . . . ." All of the authorities that we have examined indicate that the word "retail" has a different meaning or signification than has the word "wholesale." Recognizing that such a distinction does exist, we must say that this exemption is not applicable to your question.

You are therefore advised that a creamery or dairy which sells, at wholesale, milk or dairy products at its plant or establishment is subject to the Chain Store Tax, Article 1111d, V. A. P. C. as amended.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Lee Shoptaw_

Lee Shoptaw
Assistant

LS:JP

APPROVED JAN 9, 1943

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN